IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GARY MOYE,
    Petitioner,

vs.                               Case No. 3:10cv88/LAC/EMT

DAVID MORGAN,
    Respondent.
_____/

**O R D E R**

    This cause is before the court upon Petitioner's filing a handwritten "Emergency Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2241 (Doc. 1). Included within the petition are a motion to proceed in forma pauperis and a motion for appointment of counsel. Petitioner has been detained at the Escambia County Jail since October 2009. He complains that a Florida state court judge ordered his release from custody on March 15, 2010, in connection with Florida charges but that Respondent refuses to release Petitioner, citing an Alabama detainer.

    First, Petitioner failed to use the court-approved form for filing this petition. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a complaint under § 2241 unless the appropriate form is completed. Thus, Plaintiff must file his petition on the form for use in § 2241 cases, even if he wishes to attach separate pages explaining the facts that underlie the petition. Additionally, Petitioner failed to provide the requisite supporting documentation for his motion to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(2). Therefore, the motion will be denied without prejudice to Petitioner's refiling it with the required supporting documentation.

    The motion for appointment of counsel will also be denied. The appointment of counsel in civil cases is not a constitutional right; rather, it is "a privilege that is justified in only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the

assistance of a trained practitioner." Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987).  This rule extends to post-conviction proceedings.  *See* Coleman v. Thompson, 501 U.S. 722, 752, 111 S. Ct. 2546, 2566, 115 L. Ed. 2d 640 (1991).  Federal courts generally have endorsed the appointment of counsel to represent legally unsophisticated prisoners who are financially unable to obtain counsel in:  (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; and (5) factually complex cases.  James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure, § 12.3b (3d ed. 1998).  A district court does not abuse its discretion, by declining to appoint counsel where the issues in the case are "straightforward and capable of resolution on the record" or the petitioner has a "good understanding of the issues and the ability to present forcefully and coherently his contentions."  *See* Reese v. Fulcomer, 946 F.2d 247, 264 (3d Cir. 1991).  At this time, the issues in the case appear to be straightforward and capable of resolution on the record; therefore, appointment of counsel is not warranted.

If Petitioner wishes to proceed in this action, he must file an amended petition on the court-approved form for use in § 2241 cases.  To amend his petition, Petitioner should completely fill out a new habeas petition form, marking it "**Amended Petition**."  Petitioner is advised that the amended petition must contain all of his grounds for relief, and it should not in any way refer to the original petition.  The amended petition completely replaces all previous petitions; when an amended petition is filed, all earlier petitions are disregarded.  N.D. Fla. Loc. R. 15.1.

Petitioner also states that he suffers from cirrhosis and that, due to the deliberate indifference to his medical needs by certain Jail personnel, he recently spent five days in the hospital and nearly died.  To the extent Petitioner seeks to pursue these allegations, he is informed that the proper avenue is through a civil rights complaint.  It appears, however, that Petitioner is aware of the need to proceed under 42 U.S.C. § 1983, as he filed a civil rights complaint regarding these allegations the same day he filed the instant petition (*see* Case No. 3:10cv88/MCR/EMT).

Accordingly, it is **ORDERED**:

1.  Petitioner's motion to proceed in forma pauperis is **DENIED, without prejudice**.

2. Petitioner's motion for appointment of counsel is **DENIED, without prejudice**.

3. The clerk shall send Petitioner a motion to proceed in forma pauperis and a prisoner consent form and financial certificate approved for use in the Northern District. Additionally, the clerk shall send Petitioner the petition form for use in § 2241 cases. This case number should be written on the forms.

4. If Petitioner wishes to proceed with this action, he shall file, within **THIRTY (30) DAYS** of the date of docketing of this order, an amended petition on the court-approved form for use in § 2241 cases, titled **"Amended Petition."** Petitioner shall also either pay the $5.00 filing fee or submit a completed motion to proceed in forma pauperis. If Petitioner does not wish to proceed with this action, he shall file a notice of voluntary dismissal within the time allotted.

5. Petitioner's failure to comply with this order may result in a recommendation that this case be dismissed.

**DONE AND ORDERED** this 25th day of March 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**