IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GARY MOYE,
      Petitioner,

vs.                                                     Case No. 3:10cv88/LAC/EMT

DAVID MORGAN,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      This cause is before the court upon referral from the clerk. Petitioner commenced this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Petitioner subsequently filed an amended petition (Doc. 6). On April 2, 2010, this court entered an order giving Petitioner thirty (30) days in which to provide two service copies of his amended petition (Doc. 8). Petitioner failed to comply with an order of the court; therefore, on May 18, 2010, the court issued an order requiring Petitioner to show cause, within twenty (20) days, why this action should not be dismissed for failure to comply with an order of the court (Doc. 9). The time for compliance with the show cause order has now elapsed, and Petitioner has not responded.[1]

      Accordingly, it is respectfully **RECOMMENDED**:

      That this case be **DISMISSED WITHOUT PREJUDICE** for Petitioner's failure to comply with an order of the court.

      At Pensacola, Florida, this 9th day of July 2010.

                        /s/ Elizabeth M. Timothy
                        **ELIZABETH M. TIMOTHY**

---

    [1] The clerk mailed the Order to Show Cause to two different addresses. Both times the Order was returned as undeliverable (*see* Docs. 10, 12).

**UNITED STATES MAGISTRATE JUDGE**

<u>**NOTICE TO THE PARTIES**</u>

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>. A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).